1   **WO**

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                              FOR THE DISTRICT OF ARIZONA

9

10   Thomas D. Grabinski and Deanne )        No. CV-04-1751-PHX-MHM
     Grabinski, husband and wife,         )
11                                         )        **ORDER**
              Plaintiffs,                  )
12                                         )
     vs.                                   )
13                                         )
                                           )
14   National Union Fire Insurance Company )
     of Pittsburgh, PA, a Pennsylvania )
15   corporation; Steven Kent, a single man, )
                                           )
16            Defendants.                   )
                                           )
17   _____ )

18

19            On July 21, 2004, Plaintiffs Thomas D. and Deanne Grabinski filed a complaint (Doc.

20   1) against Defendants National Union Fire Insurance Company of Pittsburgh, PA, ("National

21   Union") and attorney Steven Kent in the Superior Court of Maricopa County, Arizona.

22   Defendants removed the case to this Court based on 28 U.S.C. § 1441, asserting jurisdiction

23   based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiffs have asserted claims for

24   abuse of process (Count One) and continuing bad faith (Count Two). Plaintiffs' claim in

25   Count Three seeks an award of punitive damages. Defendants have filed a motion to dismiss

26   the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). (Doc. 6). Plaintiffs

27   have filed a response (Doc. 8) to Defendants' motion to dismiss, and Defendants have filed

28   a reply (Doc. 14). Defendants additionally have filed five requests that the Court take

judicial notice of certain state court proceedings and documents which they claim are relevant to the present litigation.  (Doc. 7, 15, 17, 18 & 28).  Defendants also have filed a motion for sanctions against Plaintiffs for filing the instant lawsuit which Defendants contend is frivolous.  (Doc. 11).

The Court heard oral argument on the pending motions on April 11, 2005.  At the hearing, Plaintiffs were directed to file a response to Defendants' motion for sanctions.  Plaintiffs have filed their response (Doc. 31) and Defendants have filed a reply.  (Doc. 33).  The Court has reviewed the pleadings and documents on file and considered the parties' arguments and now enters this Order.

**I.**

**Defendants' Motion to Dismiss the Complaint**

(A)    <u>The Complaint's Allegations</u>.        Construed  in  the  light most favorable to the Plaintiffs, the complaint alleges that Defendant National Union provided Plaintiff Thomas D. Grabinski, an officer at the Baptist Foundation of Arizona, with insurance coverage in the form of directors and officers liability policies.  (Complaint ¶ 1)  Plaintiffs allege that National Union refused to pay benefits owed to Mr. Grabinski under the policies resulting in Grabinski filing suit against National Union in a state court action filed in Maricopa County Superior Court, Cause No. CV 2002-005117.  (<u>id</u>., ¶ 2).  Mr. Grabinski recovered a judgment against National Union in this state court civil action following a jury trial in February 2004.  (<u>id</u>., ¶ 4).  Plaintiffs contend that it was determined, *inter alia*, that National Union was obligated to advance Mr. Grabinski's defense costs regarding pending criminal charges filed against him and that National Union had breached the contract of insurance.  (<u>id</u>.).  Plaintiffs further allege in the complaint that Defendants have abused the judicial process involving the state court litigation, contending in relevant part as follows:

> 6.  Both before and after the jury trial National Union took willful actions in the use of judicial process for an ulterior purpose which was not proper in the regular conduct of the proceedings.  National Union was primarily motivated by this improper intent which resulted in it abusing process by taking

actions which cannot be logically explained without reference to National Union's improper motives -- motives which caused National Union to utilize the procedures of the court process for its own purposes rather than any legitimate function reasonably justifiable in the litigation process. Indeed, National Union has used and [continues] to use its greater wealth and economic power to complicate and sustain expensive litigation in an attempt to beat Grabinski and his counsel into submitting to a settlement which is not justified or reasonable and to otherwise deprive Grabinski of funds he needs because he is *in extremis*.

***

8. National Union's and Steven Kent's actions have involved at least the following:

A. flouting orders of the court to pay Grabinski's defense costs as required by the insurance policies at issue;

B. deciding that Grabinski was guilty of the criminal charges against which National Union was supposed to defend and refusing to pay for Grabinski's defense while making the improper arguments that Grabinski was guilty in court notwithstanding the court's orders to the contrary;

C. conducing an improper deposition of Grabinski to incriminate Grabinski and aid the criminal prosecution;

D. filing a specious post-trial motion for new trial to delay payment of the judgment obtained against it in an attempt to leverage Grabinski;

E. filing a specious appeal when there is no reasonable basis for an appeal but solely for the purposes of, again, dragging matters out so that Grabinski will be forced to accept a compromise settlement; and

F. posting a *supersedeas* bond to stay execution of the judgment obtained against it, not for purposes of furthering its appeal but, indeed, simply to cause Grabinski increased delay, anxiety, frustration, demoralization and distress as it uses this device with others as a cudgel to bludgeon Grabinski into submission.

9. Steven Kent and National Union have committed the foregoing acts and continue to engage in the illegitimate use of court process willfully and with knowledge for ulterior motives, including their personal enrichment and economic well-being, in conscious disregard of the harm being caused to Grabinski and his wife. ...

(id., ¶¶ 6, 8 & 9).

Plaintiffs further allege, based "upon information and belief," that National Union has a policy of abusing process such as in the instant circumstances "by using its greater

- 3 -

1    economic power as a lever to avoid its obligations." (id., ¶ 11).  Plaintiffs seek recovery of

2    actual and punitive damages, costs and attorneys' fees.

3    (B)      Relevant State Court Proceedings.

4           Defendants have requested that the Court take judicial notice of proceedings,

5    documents and orders in state court actions allegedly relevant to Plaintiffs' allegations

6    contained in the complaint. (Doc. 7, 15, 17, 18 & 28). These state court actions are Grabinski

7    v. National Union Fire Ins. Co. of Pittsburgh, PA, et al., Cause No. CV 2002-005117, filed

8    in Maricopa County Superior Court, and which is specifically referred to in the complaint

9    by case number; State of Arizona v. William Pierre Crotts, et al., Cause No. CR 2002-

10   018286, filed in Maricopa County Superior Court, which appears to be the criminal action

11   in which Mr. Grabinski is a defendant; National Union Fire Ins. Co. of Pittsburgh, PA, et al.

12   v. Grabinski, Case No. 1 CA-CV04-0290, Court of Appeals, State of Arizona, Division One;

13    Grabinski v. Honorable Patrick Irvin, et al., Case No. CV-04-0311-SA, Supreme Court of

14   the State of Arizona; and State of Arizona v. Crotts, et al., Case No. CR2001-006183,

15   Maricopa County Superior Court, State of Arizona.

16          "A judicially noticed fact must be one not subject to reasonable dispute in that it is

17   either (1) generally known within the territorial jurisdiction of the trial court or (2) capable

18   of accurate and ready determination by resort to sources whose accuracy cannot reasonably

19   be questioned." Fed.R.Evid. 201(b).  "A court shall take judicial notice if requested by a

20   party and supplied with the necessary information." Fed.R.Evid. 201(d). The Court may take

21   judicial notice "at any stage of the proceeding." Fed.R.Evid. 201(f). "Judicially noticed facts

22   often consist of matters of public record, such as prior court proceedings .." Del Puerto

23   Water District v. U.S. Bureau of Reclamation, 271 F. Supp. 2d 1224, 1232 (E.D.Cal. 2003).

24   "Federal courts may 'take notice of proceedings in other courts, both within and without the

25   federal judicial system, if those proceedings have a direct relation to the matters at issue.'"

26   Id., (quoting U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244,

27   248 (9th Cir. 1992)).  It may be appropriate to take judicial notice of another court's order, not

28   for the truth of the matter asserted in the other litigation, but only for the limited purpose of

1   recognizing the judicial act that the order represents or the subject matter of the litigation.

2   See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

3          The Court will take judicial notice as to the course of proceedings in the state court

4   cases cited above as relevant to a determination of Defendants' motion to dismiss.

5   Defendants' requests for judicial notice (Doc. 7, 15, 17, 18 & 28) are granted to the extent

6   that the Court will consider that certain state court proceedings and rulings have occurred.

7   Plaintiffs' objections (Doc.19) are overruled.  Despite Plaintiffs' objections to certain of

8   Defendants' requests for judicial notice, Plaintiffs also have requested judicial notice of

9   various state court proceedings and documents in their response to the motion to dismiss

10  (Doc. 8, at n.1) and in their supplement to their response.  (Doc. 24).[1]  Plaintiffs additionally

11  have filed notice that on March 17, 2005, the Arizona Court of Appeals issued an opinion

12  affirming the verdict and judgment rendered in Cause No. CV 2002-005117.  (Doc. 23).

13  Plaintiffs' requests for judicial notice are granted to the limited extent that the Court will

14  consider that such state court proceedings and rulings have occurred.

15         Based on the court documents of record, Mr. Grabinski successfully sued National

16  Union for bad faith and breach of contract in Maricopa County Superior Court, Cause No.

17  CV 2002-005117. Defendant Steven Kent was Defendant National Union's defense attorney

18  during the trial.  Part of the allegations in the instant case involve Plaintiffs' contention that

19  at Mr. Grabinski's deposition and during the trial, Defendant Kent pursued lines of

20  questioning allegedly in an effort to portray Grabinski's activities as fraudulent, resulting in

21  certain rulings by the state trial court. The jury returned a verdict in favor of Mr. Grabinski.

22  The Superior Court entered a $2.5 million judgment awarding Mr. Grabinski damages,

23  punitive damages, costs and attorneys' fees. (Superior Court Judgment at 2). Defendants

24  appealed, requested a stay of execution of the Judgment and posted a supersedeas bond.

25         Upon Defendant National Union's appeal, Plaintiffs sought in the trial court to

26

27         [1]Plaintiffs have asked the Court to note that the petition for review filed in Crackel v.

28  Allstate, 92 P.3d 882 (Ariz.App. 2004), discussed *infra*, was denied by the Arizona Supreme
    Court.

disallow the posting of the bond and the stay of execution of the Judgment.  (Superior Court Order of May 3, 2004 at 1.)  The trial court overruled Plaintiffs' objections (id. at 2), and Plaintiffs appealed this ruling to the Arizona Court of Appeals.  (Court of Appeals Decision Order of June 24, 2004 at 1).  The Arizona Court of Appeals remanded the matter to the trial court for clarification of the nature of the jury's award. (id. at 1-2).  The trial court confirmed that the jury award in Cause No. CV 2002-005117 was for compensatory money damages only and afforded no equitable relief. (Superior Court Minute Entry July 22, 2004).

On September 7, 2004, the Arizona Court of Appeals rejected Mr. Grabinski's special action challenging the stay of execution and the posting of the supersedeas bond. Upon petition, the Arizona Supreme Court did not accept jurisdiction of the matter.

As previously discussed, Plaintiffs have filed notice that on March 17, 2005, the Arizona Court of Appeals issued an opinion affirming the verdict and judgment rendered in Cause No. CV 2002-005117. Based on representations of counsel, Defendant National Union has paid the judgment amount in full and the parties have reached a settlement on other issues related to appellate fees and costs.  (Doc. 32, at p. 11).  As discussed in the opinion, Mr. Grabinski and co-defendant Crotts have been indicted on criminal charges in Maricopa County.   According to Defendants' fourth judicial notice  and information provided by counsel,  trial on the criminal charges has been scheduled.  (Doc. 18; Doc. 32, p. 9).

(C)    Standard of Review under Rule 12(b)(6).

When reviewing a motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir. 1990).   The Court must draw all reasonable inferences in favor of the non-moving party.  Salim v. Lee, 202 F. Supp.2d 1122, 1125 (C.D.Cal. 2002). Dismissal is proper "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  The Ninth

1   Circuit has stated that "[t]he issue is not whether a plaintiff's success on the merits is likely
2   but rather whether the claimant is entitled to proceed beyond the threshold in attempting to
3   establish his claims."  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).  The Court
4   must determine whether it appears to a certainty under existing law that no relief can be
5   granted under any set of facts that might be proved in support of plaintiff's claims.  Id.
6   Review of the facts under a Rule 12(b)(6) motion is normally limited to those presented
7   within the four corners of the complaint and to documents attached thereto or incorporated
8   therein by reference; however, the Court may also look to public records in deciding such a
9   motion.  Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002).

10  (D)     Discussion.

11          1.      Plaintiffs' abuse of process claim in Count One.   Plaintiffs allege with respect
12                  to Count One that "defendants are liable to the plaintiffs for abuse of process."
13                  (Complaint, ¶ 13).  In light of the other allegations set forth in the complaint,
14                  Plaintiffs contend that their abuse of process claim involves actions taken by
15                  Defendants at various stages of the state court litigation in Cause No. CV
16                  2002-005117.  Plaintiffs contend that Defendants filed specious post-trial
17                  motions, filed a specious appeal, posted a supersedeas bond to cause increased
18                  delay and conducted an improper deposition and questioning at trial seeking
19                  to implicate Mr. Grabinski's guilt in the criminal charges. Plaintiffs allege that
20                  Defendants pursued these actions with an ulterior motive, that is, for their own
21                  greed, and to cause Mr. Grabinski to submit to a settlement. Defendants have
22                  moved to dismiss Count One for failure to state a claim for relief, contending
23                  that Plaintiffs' allegations are factually deficient to state a claim for abuse of
24                  process.

25          Under Arizona law, the elements of an abuse of process claim are (1) a willful act in
26  the use of judicial process (2) for an ulterior purpose not proper in the regular conduct of the
27  proceeding.  Crackel v. Allstate Ins. Co., 92 P.3d 882, 887 (Ariz.App. 2004)(quoting
28  Nienstedt v. Wetzel, 651 P.2d 876, 881 (Ariz App.1982)).  In Arizona, "process" has been

interpreted as "encompassing the entire range of procedures incident to the litigation process." Id. at 880.  As the Arizona Court of Appeals explained in Nienstedt,

> Arizona case law recognizes that the gist of the tort is the misuse of process, justified in itself, for an end other than that which it was designed to accomplish.  Rondelli v. County of Pima, [586 P.2d 1295 (Ariz. App. 1978)]; see also, Prosser, The Law of Torts, § 121 (4th ed. 1971).  It is immaterial that the process may have been properly obtained or issued as a normal incident of the litigation involved.  It is the subsequent misuse which constitutes the misconduct for which liability is imposed. See Restatement (Second) of Torts § 682, Comment (a) (1977). On the other hand, the authorities recognize that there is no liability when the defendant has done nothing more than legitimately utilize the process for its authorized purposes, even though with bad intentions.  See generally, Prosser, Law of Torts, § 121, p. 857 (4th ed. 1971).  This same concept is implied in the Restatement's § 682's use of the word 'primarily,' which is explained in Comment (b):
>
> > 'b. "Primarily."  The significance of this word is that there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant.'

Id., at 881.

It is not enough to establish a defendant's ulterior purpose in the use of process, since some goals, like a purpose of settlement, are "includable in the goals of proper process." Bird v. Rothman, 627 P.2d 1097, 1100 (Ariz. App. 1981).  Rather, the process must be used "primarily to accomplish a purpose for which [it] was not designed." Nienstedt, 651 P.2d at 881.  Under this view, the "action for abuse of process assumes an ulterior motive, usually extortionate in nature." Pankratz v. Willis, 744 P.2d 1182, 1196 (Ariz. App. 1987)(quoting W. Prosser, Law of Torts § 121, 857-58 (4th ed. 1971)).  To sustain an abuse of process action, the claimant must show that the use of process "could not logically be explained without reference to . . . improper motives." Crackel, 92 P.3d at 888-89.  Mere speculation about the defendant's purposes provides no foundation for an abuse of process claim.  Id. Similarly, a simple showing that one party was aware that his actions would subject the opposing party to additional legal expenses will not sustain an abuse of process claim if the primary goal of the process is lawful. Nienstedt, 651 P.2d at 882.  "Where a lawful end is

1   pursued by appropriate process, incidental motives of spite or greed are not actionable."

2   Pankratz, 744 P.2d at 1196.

3          Plaintiffs contend that their abuse of process claim is cognizable based on Crackel v.

4   Allstate Insurance Company, supra.  Plaintiffs in Crackel contended that Defendant Allstate

5   had abused several court processes based on, *inter alia*, asserting an unfounded contributory

6   negligence defense, serving an offer of judgment that did not come close to reflecting the

7   plaintiffs' medical costs, appealing an arbitration award even though the adjustor had

8   characterized the award as reasonable, and engaging in misconduct at the mandatory

9   settlement conference.  A jury returned a verdict in favor of plaintiffs.  On the parties' cross-

10  appeals, the Arizona Court of Appeals concluded that a reasonable jury could have found that

11  the conduct of Allstate's attorney during the mandatory settlement conference, standing

12  alone, constituted an abuse of a specific court process and that counsel's behavior could not

13  be justified as reasonable trial strategy. This conduct included providing an incomplete

14  settlement memorandum, refusing to participate in the court's efforts to encourage nontrial

15  resolution, and misrepresenting the conclusions of Allstate's expert on whether it had been

16  reasonable for one of the plaintiffs to seek medical attention. The trial court in the underlying

17  litigation had sanctioned Allstate for not participating in good faith negotiations.  Id., at 892-

18  94.

19         Plaintiffs' allegation in the instant case that Defendants' reason for appeal was to

20  force a settlement will not support an abuse of process claim under Arizona law, even if the

21  allegation is assumed to be true.  Bird, 627 P.2d at 1100.  Although Plaintiffs allege that

22  Defendants were aware that the costs of appeal would work a financial hardship on them, an

23  opposing party's awareness that its actions will increase legal costs is insufficient grounds

24  for an abuse of process claim where the primary goal of the process appears lawful.

25  Nienstedt, 651 P.2d at 882. Plaintiffs' other allegations that Defendants "flouted orders,"

26  improperly questioned Mr. Grabinski during depositions and at trial, filed "specious" post-

27  trial motions and a "specious" appeal, and posted a supersedeas bond, are insufficient to

28  support their abuse of process claim. Plaintiffs have not asserted any factual basis in their

1    complaint for their allegation that Defendants' actions were "willful" "in the use of judicial

2    process for an ulterior purpose."  Allegations of "incidental motives of spite or greed" are

3    insufficient. Mere speculation concerning a defendant's ulterior motive cannot sustain an

4    abuse of process claim. See Crackel, 92 P.3d at 888-89.  As observed in Crackel, a plaintiff

5    must show that an"alleged improper purpose was [the] primary motivation for ...the process

6    [used] and that the improper purpose was not merely an incidental and collateral motivation."

7    Id., at 891.  For the reasons discussed, Plaintiffs' abuse of process claim fails to state a claim

8    for relief. Defendants' motion to dismiss Count One is granted.

9            2.    Plaintiffs' continuing bad faith claim in Count Two.

10           Plaintiffs allege in Count Two simply that "defendants are liable for continuing bad

11   faith." (Complaint, ¶ 14).  This claim appears to be premised on Plaintiffs' allegation at the

12   time that Defendants had refused to pay Plaintiff Grabinski the sum awarded as a result of

13   the jury verdict in the state court trial, Cause No. CV 2002-005117.  Plaintiffs rely on Kyriss

14   v. Aetna Life & Casualty Co., 624 F.Supp. 1130 (D.Mont. 1986), in support of their

15   contention that they have asserted a cognizable claim for relief.  Plaintiffs have not satisfied

16   this Court that their allegations state a claim for relief under Arizona law based on the

17   circumstances presented here.  Moreover, Plaintiffs' "continuing bad faith" claim appears to

18   be subsumed within their abuse of process claim which has been found to be legally

19   insufficient.

20           3.    Plaintiffs' claim for punitive damages in Count Three.

21           Plaintiffs contend in Count Three   that "defendants are liable for punitive damages."

22   (Complaint, ¶ 15).  A request for punitive damages does not state a separate claim for relief

23   under Arizona law.  Sisemore v. Farmers Ins. Company of Arizona, 779 P.2d 1303, 1306

24   (Ariz.App. 1989).

25           4.    Whether Plaintiffs should be permitted to file an amended complaint.

26           When granting a motion to dismiss, a court is generally required to grant a plaintiff

27   leave to amend unless the amendment would be futile.  Cook, Perkiss & Liehe, Inc. v.

28   N.Cal.Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether

1   amendment would be futile, a court examines whether the complaint could be amended to

2   cure the defect requiring dismissal "without contradicting any of the allegations of [the]

3   original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

4        The Court concludes that the complaint does not appear to be susceptible to

5   amendment such that a viable claim for abuse of process or "continuing bad faith" can be

6   asserted against Defendants. Plaintiffs' claims asserted in Counts One and Two are dismissed

7   with prejudice.

8                                               **II**.

9                       **Defendants' Motion for Sanctions**

10       A court may impose sanctions under Rule 11 when an attorney files a pleading that

11  is not well grounded in fact or warranted by law. Fed.R.Civ.P. 11(c).  Rule 11(b) provides

12  that claims in a complaint must have evidentiary support or must be likely to have

13  evidentiary support based on further investigation or discovery, must be warranted by

14  existing law or nonfrivolous, and must not be presented for an improper purpose such as to

15  harass or cause unnecessary delay or needless increase in litigation costs. The standard for

16  determining which arguments or claims are nonfrivolous is that of a competent attorney

17  admitted to practice before the court.  G.C. and K.B. Investments, Inc. v. Wilson, 326 F.3d

18  1096, 1109 (9th Cir. 2003).

19       In applying Rule 11, courts must keep in mind two competing considerations. United

20  Nat. Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1115 (9th Cir. 2001).  Rule 11 must be

21  used in such a way as to discourage use of "litigation tactics [that are] so vexatious as to be

22  unjustifiable . . . and that neither the other parties not the courts should have to abide such

23  behavior or waste time and money coping with it."  Id.  The court must also ensure that its

24  use of Rule 11 does not diminish the effectiveness of our adversary system by deterring

25  lawyers from the "vigorous representation of their clients."  United Nat. Ins., 242 F.3d at

26  1115

27       In their separate motion for sanctions, Defendants contend that sanctions should be

28  imposed against Plaintiffs because the claims asserted have no basis in law and the instant

1   action was filed to circumvent the state appellate process and to force Defendants to pay the

2   jury award. The parties have filed approximately 40 pages of briefing on the issue of

3   sanctions. While the Court has found that Plaintiffs' allegations fail to state cognizable claims

4   for relief, the Court does not conclude that the claims were frivolous.  Defendants' motion

5   for sanctions is denied.

6           **Accordingly,**

7           **IT IS ORDERED** that Defendants' motion to dismiss the complaint (Doc. 6) is

8   granted.

9           **IT IS FURTHER ORDERED** that Defendants' motion for Rule 11 sanctions (Doc.

10  11) is denied.

11          **IT IS FURTHER ORDERED** that Plaintiffs' complaint and action are dismissed

12  with prejudice.

13          DATED this 23rd day of September, 2005.

16  _____
    Mary H. Murguia
17  United States District Judge