IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas D. Grabinski and Deanne Grabinski, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>National Union Fire Insurance Company of Pittsburgh, PA, a Pennsylvania corporation, Steven Kent, a single man,<br><br>    Defendants. | No.CV 04-01751-PHX-MHM<br><br>**ORDER** |

    Currently before the Court is Thomas D. Grabinski's ("Plaintiff's") Motion to Stay Proceedings (Dkt.#71). After reviewing the papers, the Court issues the following Order.

    The present case is one of three involving Plaintiff. Plaintiff initially sued National Union Fire Insurance Company and Steven Kent ("Defendants") for bad faith and insurance fraud for their refusal to defend him in a criminal case. After Plaintiff received a favorable jury verdict in the civil case for bad faith and insurance fraud, National Union appealed. The appellate court affirmed the award and National Union apparently paid damages in April 2005. Plaintiff's criminal case went to trial in September 2005. He was convicted of fraud and racketeering and is currently incarcerated. His criminal case is pending before the

1 Arizona Court of Appeals. In the present case, he alleges that Defendants abused the judicial
2 process while pursuing the bad faith and insurance fraud claims[1].

3 Plaintiff requests that this Court stay the proceedings pending the outcome of his criminal
4 case that is currently before the Arizona Court of Appeals. In support of his motion, Plaintiff
5 argues that the criminal appeal may moot this case as a practical matter if the appellate court
6 affirms his conviction. Though he acknowledges that the legal issues are separate – the
7 criminal appeal involves fraud and racketeering charges against Plaintiff, while this civil case
8 involves abuse of process charges against his insurance company and his lawyer – he bases
9 his argument on his stated "pragmatic" belief that he cannot get a fair trial as "a convicted
10 felon." (Dkt.#71 at 5; Dkt.#73 at 2) Proceeding under such circumstances would be
11 "quixotic," he claims, and states that he would "stipulate to a dismissal of this case" if the
12 appellate court affirms his conviction. (Dkt.#73 at 1, 2)

13 Defendants point out that Plaintiff has already once requested this Court for a stay, that
14 they have already been forced to incur considerable time and expense responding to his
15 discovery demands, and that this case has been pending for more than four years. (Dkt.#72
16 at 1-5)

17 Though Plaintiff is correct that it is within the inherent discretion of this Court to issue a
18 stay, Landis v. North American Co., 299 U.S. 248, 254-55 (1936), the Court finds, in the
19 exercise of its broad discretion, that a stay of discovery at this stage of the litigation is
20 unwarranted. None of the cases cited by Plaintiff support granting a stay under the present
21 circumstances. For example, Plaintiff cites Younger v. Harris, 401 U.S. 37 (1971). Under
22 the Younger abstention doctrine, a federal court is required to defer to a state court and
23 refrain from interfering with state proceedings, however, this doctrine has no application
24 here. Plaintiff is not seeking a stay of the state court proceedings; nor is he attempting to
25 pursue claims against the State for prosecuting him. None of the issues in the state criminal

---

[1] This claim was initially dismissed (Dkt.#35) but after an appeal to the Ninth Circuit, the order was reversed (Dkt.#47) and thus Plaintiff's abuse of process claim is now pending before this Court.

1  appeal will clarify or affect the contentions in this civil case; rather, it may simply work to
2  Plaintiff's practical advantage for the jury not to see that he is a convicted felon.

3      Moreover, though a district court has discretionary power to stay proceedings in its own
4  court after considering such factors as "the possible damage which may result from the
5  granting of a stay, the hardship or inequity which a party may suffer in being required to go
6  forward, and the orderly course of justice measured in terms of the simplifying or
7  complicating of issues, proof, and questions of law which could be expected to result from
8  a stay," here it appears that the equities weigh in favor of going forward.  CMAX, Inc. v.
9  Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis v. North American Co., 299 U.S. 248,
10 254 (1936)).  This case has been pending for four years; Plaintiff's criminal appeal is
11 "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the
12 district court," Lockyer v. Mirant Corp., 398 F.3d 1098, 1113 (9th Cir. 2005); and given the
13 extended briefing schedule (which has apparently lasted over a year) of the criminal appeal,
14 the Court is unconvinced that a stay is warranted.  Plaintiff admits that "the criminal appeal
15 will not, in the legal sense, 'moot' [his] abuse of process claim."  (Dkt.# 73 at 2)  His
16 strategic decision to abandon this case if his criminal appeal does not succeed is a tactical
17 decision that has no bearing on whether or not the Court should grant the stay for his abuse
18 of process claim.

19 **Accordingly,**

20 **IT IS HEREBY ORDERED** denying Plaintiff's Motion to Stay Proceedings (Dkt.#71).
21     DATED this 22nd day of October, 2008.

_____
Mary H. Murguia
United States District Judge

- 3 -