**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas D. Grabinski and Deanne Grabinski, husband and wife,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>National Union Fire Insurance Company of Pittsburgh, PA, a Pennsylvania corporation, Steven Kent, a single man,<br><br>　　　　Defendants. | No.CV 04-01751-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Plaintiffs' Motion to Dismiss Without Prejudice (Dkt.#79), Defendants' Motion for Summary Judgment (Dkt#81), and Defendants' Motion for Summary Disposition of its Motion for Summary Judgment (Dkt.#104). After reviewing the papers, the Court issues the following Order.

**I. Plaintiffs' Motion to Dismiss**

Apparently, Plaintiffs have decided that it would be in their best interest to withdraw their claims and ask this Court to grant their motion to dismiss without prejudice. (Dkt.#79) Defendants call this motion "a transparent attempt to obtain the litigation stay the Court previously denied" and urge that this Court should only grant a dismissal if it is with prejudice, or alternatively if the Court grants Defendants their reasonable costs and attorneys fees. (Dkt.#103 at 1-2) Defendants have already apparently incurred a great deal of legal

expenses preparing their motion for summary judgment and conducting discovery in this case. (Dkt.#103 at 14-15)

Federal Rule of Civil Procedure 41(a)(2) explains that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. The decision to grant or deny a voluntary dismissal under Rule 41(a)(2) is not mandatory but is within the Court's discretion. <u>Stevedoring Serv. v. Armilla Int'l, B.V.</u>, 889 F.2d 919, 921 (9th Cir. 1989). A plaintiff may dismiss an action without prejudice under Rule 41(a)(2) "so long as the defendant will not be prejudiced." <u>Id</u>. Prejudice includes "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, . . . and the fact that a motion for summary judgment has been filed by the defendant." <u>Ratkovich v. Smith Kline</u>, 951 F.2d 155, 158 (7th Cir. 1991).

Here, dismissal without prejudice appears inappropriate. As explained below, Defendants have fully briefed a motion for summary judgment that demonstrates that they are entitled to judgment; granting Plaintiffs' motion to dismiss would enable Plaintiffs to escape from this adverse ruling. Moreover, Plaintiffs appear to be using Rule 41(a)(2) to avoid the consequence of their failure to diligently pursue the case. For these reasons, Plaintiffs' Motion to Dismiss is denied.

**II. Defendants' Motion for Summary Judgment**

Defendants move for summary judgment on Plaintiffs' abuse of process claim, the sole remaining claim in this litigation. (Dkt.#81) In essence, they argue that Grabinski has not established a genuine issue of material fact precluding dismissal of his abuse of process claims against Defendants because Defendants did not disobey a court order and because Grabinski can present no facts establishing an improper motive. (Dkt.#81 at 11-12) Defendants further argue that the alleged improper statements of National Union's counsel at trial fail both as a matter of law and for lack of evidentiary support. (Dkt.#81 at 13) They also argue that Grabinski's allegations regarding National Union's deposition of Grabinski fail as a matter of law. (Dkt. #81 at 14) This motion was filed on November 26, 2008. (Dkt.#81)

1    Plaintiffs failed to respond to this motion. On January 1, 2009, Defendants filed a Motion for Summary Disposition of Its Motion for Summary Judgment. (Dkt.#104) Plaintiffs did not respond to this motion either, despite Defendants' identification therein of Local Rule of Civil Procedure 7.2(I), which provides that if "counsel does not serve and file the required answering memoranda . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." The Ninth Circuit has approved of this rule in Ching v. Lewis, 963 F.2d 378 (9th Cir. 1992).

This rule is discretionary, not mandatory; however, where, as here, it appears that there is no genuine issue of material fact, the law and facts Defendants cite in their motion appear to support judgment in their favor, and Plaintiffs have failed to respond to Defendants' motion, the Court finds that it is appropriate to grant Defendants Motion for Summary Judgment.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiffs' Motion to Dismiss (Dkt.#79).

**IT IS FURTHER ORDERED** granting Defendants' Motion for Summary Judgment (Dkt.#81).

**IT IS FURTHER ORDERED** granting Defendants' Motion for Summary Disposition of its Motion for Summary Judgment (Dkt.#104).

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

DATED this 10th day of June, 2009.

_____
Mary H. Murguia
United States District Judge